UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.: 5:12-CV-02025-LHK |
| ) | |
| Plaintiff, ) | ORDER DENYING DEFENDANT'S |
| v. ) | MOTION TO DISMISS AND |
| ) | GRANTING PLAINTIFF'S MOTION |
| SHIRO SHIOZAWA, ) | FOR SUMMARY JUDGMENT |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| ) | |

Plaintiff United States ("Plaintiff") brings this civil action to reduce to judgment outstanding federal tax assessments against Defendant Shiro Shiozawa under 26 U.S.C. §§ 7401, 7402. Before the Court are two motions: (1) Defendant's Motion to Dismiss, *see* ECF No. 26, and (2) Plaintiff's Motion for Summary Judgment, *see* ECF No. 44. Having considered the parties' submissions, the relevant law, and the parties' arguments at the June 27, 2013 hearing, the Court DENIES Defendant's Motion to Dismiss and GRANTS Plaintiff's Motion for Summary Judgment.

I.  **FACTUAL BACKGROUND**

Defendant Shiro Shiozawa ("Defendant") owned and operated Shiro's Auto Body, Inc. from November 1979 to November 2012. *See* Declaration of Charles Parker ("Parker Decl."), ECF No. 44-6, Ex. A ("Shiozawa Dep.") at 17:7-15, 22:1-5, ECF No. 44-7. Defendant admits that

1

insurance companies paid Defendant for services provided between 1994 and 2008. *See id.* at 57:17-22; Declaration of Howard Baldwin ("Baldwin Decl."), ECF No. 44-1, Exs. 26, 28 30, 32, 34, 36, 38, 40, 42, 44, 46, 48. Defendant also acknowledges that he did not file personal tax returns nor otherwise report his income, including the insurance company payments, between 1994 and 2008. *See* Shiozawa Dep. at 56:21-23, 57:17-22. At the June 27, 2013 hearing, Defendant reiterated that he had never filed a tax return between 1994 and 2008. The IRS calculated Defendant's tax liabilities based on the unreported insurance company payments and pension checks Defendant received. *See* Baldwin Decl. Exs. 25, 27, 29, 31, 33, 35, 37, 39, 41, 43, 45, 47. These calculations resulted in assessments being made against Defendant. *See id.* ¶¶ 7-19. After interest was added, the unpaid balance of assessed taxes, penalties, and interest as of April 2, 2012 is as follows:

| Kind of Tax | Tax Period | Assessment Date | Unpaid Balance of Assessed Taxes, Penalties, and Interest as of April 2, 2012 |
|---|---|---|---|
| 1040 | 1994 | August 26, 2002 | $55,252.65 |
| 1040 | 1995 | August 26, 2002 | $129,162.58 |
| 1040 | 1996 | August 26, 2002 | $128,201.45 |
| 1040 | 1997 | August 26, 2002 | $150,467.64 |
| 1040 | 1998 | August 26, 2002 | $177,129.88 |
| 1040 | 1999 | May 17, 2004 | $193,152.93 |
| 1040 | 2000 | May 17, 2004 | $139,605.98 |
| 1040 | 2001 | May 17, 2004 | $113,503.07 |
| 1040 | 2002 | December 13, 2004 | $91,142.08 |
| 1040 | 2003 | February 9, 2009 | $117,316.67 |
| 1040 | 2004 | December 29, 2008 | $134,027.69 |
| 1040 | 2008 | May 2, 2011 | $306,919.49 |
| | | | **Total = $1,735,771.11** |

*Id.* ¶¶ 4, Exs. 13-24; ECF No. 1 ("Compl.") ¶¶ 7-8.

## II.   PROCEDURAL BACKGROUND

On April 23, 2012, Plaintiff filed its Complaint in this matter. On January 2, 2013, Defendant filed his Motion to Dismiss. *See* ECF No. 26 ("Mot. to Dismiss"). Plaintiff filed its Opposition on January 16, 2013. *See* ECF No. 33 ("Opp'n to MTD"). Defendant filed his Reply on January 23, 2013. *See* ECF No. 34 ("Reply to MTD").

2

Pursuant to the Court's scheduling order, on May 23, 2013, Plaintiff filed its Motion for Summary Judgment. *See* ECF No. 44 ("Mot. for SJ"); ECF No. 22 (Case Management Order). On June 10, 2013, Defendant filed his Opposition. *See* ECF No. 46 ("Opp'n to SJ"). On June 18, 2013, Plaintiff filed its Reply. *See* ECF No. 45 ("Reply to SJ").

The Court held a hearing on both motions on June 27, 2013.

### III. LEGAL STANDARD

#### A. Motion to Dismiss

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citations omitted).

Nonetheless, the Court need not accept as true allegations contradicted by judicially noticeable facts, and the "[C]ourt may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into one for summary judgment. *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir.), *cert. denied*, 516 U.S. 964 (1995); *see Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nor is the Court required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Moreover, mere "conclusory allegations of law and unwarranted inferences are insufficient to

3

defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (citations omitted); *accord Iqbal*, 556 U.S. at 678-79.

### B. Summary Judgment

Under Federal Rule of Civil Procedure 56(a), "[t]he [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is "'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *See id*. "[I]n ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden." *Id*. at 254. The question is "whether a jury could reasonably find either that the [moving party] proved his case by the quality and quantity of evidence required by the governing law or that he did not." *Id*. (emphasis removed). "'[A]ll justifiable inferences must be drawn in [the nonmovant's] favor.'" *See United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1542 (9th Cir. 1989) (en banc) (quoting *Liberty Lobby*, 477 U.S. at 255).

The moving party bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, interrogatory answers, admissions and affidavits, if any, that it contends demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of [that] party's pleading, but... must set forth specific facts showing that there is a genuine issue for trial." *See Liberty Lobby*, 477 U.S. at 256 (citing Fed. R. Civ. P. 56(e)). The opposing party need not show the issue will be resolved conclusively in its favor. *See id.*, 477 U.S. at 248-49. All that is necessary is submission of sufficient evidence to create a material factual dispute, thereby requiring a jury or judge to resolve the parties' differing versions at trial. *See id.*

"Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving

4

party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (citing *Celotex*, 477 U.S. at 323). On an issue for which the opposing party will have the burden of proof at trial, the party moving for summary judgment need only point out "that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. Once the moving party meets its initial burden, the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 250.

## IV.     DISCUSSION

### A.     Defendant's Motion to Dismiss

In the Motion to Dismiss, Defendant argues that the Certificates of Assessments produced by Plaintiff during discovery, which show the tax assessments made by the I.R.S. against Defendant, should be rejected. *See* Mot. Dismiss. at 1-6. Defendant argues that the Certificates of Assessments are invalid because they were not properly certified. *See id.* at 2-3. Moreover, Defendant argues that the summary records of assessment were not signed by an assessment officer pursuant to 26 C.F.R. § 301.6203–1, which requires that "summary records of assessment" be signed by a duly appointed assessment officer. *Id.* at 3-4. In light of these deficiencies, Defendant argues that the claims against him should be dismissed.

Plaintiff responds that Defendant's Motion to Dismiss is improper as it does not challenge any matters in the pleadings or argue that Plaintiff's allegations fail to state a claim. *See* Opp'n to MTD at 2. Rather, Defendant's Motion to Dimiss challenges Plaintiff's evidence (*e.g.* the Certificates of Assessments). *Id*. Plaintiff argues that, because Defendant is challenging Plaintiff's evidence -- which is a matter outside the scope of the pleadings -- Defendant's Motion should be converted to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d). *Id.* Fed. R. Civ. Proc. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

In a few instances in the Motion to Dismiss, Defendant uses language suggesting that Defendant is challenging the sufficiency of Plaintiff's pleadings. *See, e.g.*, Mot. to Dismiss at 5 (arguing that because Defendant has failed to present valid Certificates of Assessments, "Plaintiff

5

has failed to state a claim upon which relief can be granted."). However, the gravamen of Plaintiff's Motion is that the Certificates of Assessments are not valid and that Plaintiff's evidence showing Defendant's liability is therefore insufficient. Thus, the Court agrees that Defendant's Motion to Dismiss is closer in nature to a motion for summary judgment than a motion to dismiss.

However, the Court is not persuaded that it would be appropriate to convert the Motion to Dismiss into a motion for summary judgment. As a general rule, in order to convert a motion to dismiss into a motion for summary judgment, the Court must provide Defendant with "notice… and any opportunity to respond." *See, e.g.*, *Grove v. Mead Sch. Dist. No. 354*, 753 F.2d 1528, 1532 (9th Cir. 1985) (holding that, ordinarily, before a motion may be converted into a motion for summary judgment, parties must be given "notice of the motion and an opportunity to respond"). The Ninth Circuit has indicated that "formal notice may be unnecessary" when a represented party files a motion addressing "matters outside the pleadings" because the party has "invite[d] [the] consideration of" such matters. *Id.* at 1533. However, it is not clear whether an unrepresented party must be provided with formal notice before a motion to dismiss filed by that party is converted to a motion for summary judgment, and whether, in this scenario, the party must be offered an opportunity to respond to the conversion or supplement its motion.

Further complicating matters, in this case the deadline to file summary judgment motions has passed. *See* ECF No. 22 (setting a deadline to file dispositive motions of May 23, 2013). Defendant opted not to file a motion for summary judgment. Plaintiff did opt to file a motion for summary judgment, which shall be addressed *infra*. Defendant's Opposition and Plaintiff's Reply to the Summary Judgment Motion have already been filed. Assuming that providing notice of the Court's intent to convert Defendant's Motion to Dismiss into a motion for summary judgment would also require that Defendant be offered an opportunity to supplement its motion to make it more akin to a motion for summary judgment, Defendant would, in essence, be offered a second chance to file a motion for summary judgment. This would be inconsistent with the Court's scheduling order and would prejudice Plaintiff to the extent it would permit Defendant a second opportunity to put forward evidence to defeat Plaintiff's Motion for Summary Judgment.

In light of these issues, the Court rules as follows: the Court declines to convert the Motion to Dismiss into a Motion for Summary Judgment. Because the Motion to Dismiss does not challenge the sufficiency of the pleadings, it is DENIED.[1] However, because Defendant's arguments in the Motion to Dismiss attack the Certificates of Assessments -- the core evidence offered by Plaintiff in support of Plaintiff's Motion for Summary Judgment -- the Court will consider Defendant's arguments in the context of resolving Plaintiff's Motion for Summary Judgment. Thus, Defendant will not be prejudiced.[2]

### B. Plaintiff's Motion for Summary Judgment

The Court next turns to Plaintiff's Motion for Summary Judgment. Plaintiff seeks summary judgment on Plaintiff's claims for outstanding federal tax assessments for 1994 through 2004 and 2008. *See* Mot. for S.J. at 1. For the reasons set forth below, Plaintiff's Motion is GRANTED.

#### 1. Plaintiff's Evidence

"In an action to collect tax, the government bears the burden of proof. The government can usually carry its initial burden, however, merely by introducing its assessment of tax due." *United States v. Stonehill*, 702 F.2d 1288, 1293 (9th Cir. 1983) (citation omitted). "Normally, a presumption of correctness attaches to the assessment, and its introduction establishes a prima facie case." *Id.* (citation omitted). However, "[t]he presumption does not arise unless it is supported by a minimal evidentiary foundation." *Id.* (citing *Weimerskirch v. Comm'r*, 596 F.2d 358, 360 (9th Cir. 1979) ("[B]efore the Commissioner can rely on this presumption of correctness, the Commissioner must offer some substantive evidence showing that the taxpayer received income

---

[1] The Court notes that, in Defendant's Reply, Defendant responds to Plaintiff's argument that Defendant's Motion should be treated as a motion for summary judgment by attempting to reframe Defendant's argument as asserting that Plaintiff has failed to state a claim because Plaintiff has not *alleged* that an assessment officer prepared and signed the summary record of assessment. *See* Reply at 3. The Court is not persuaded by this argument. In the Complaint, Plaintiff alleges that this "action is brought… to reduce to judgment outstanding federal tax assessments against [D]efendant… pursuant to" 26 U.S.C. §§ 7401 and 7402. Compl. ¶¶ 1-2. Plaintiff further alleges that "[a] delegate of the Secretary of the Treasury made assessments against [D]efendant," and sets forth the amount of each assessment. Compl. ¶ 7. Defendant has not cited, and the Court is not aware of, any authority for the proposition that Plaintiff's Complaint must also specifically allege that an assessment officer prepared and signed the summary record of assessment. Accordingly, Defendant's argument fails.

[2] Defendant is also not prejudiced by the Court's decision not to convert the Motion to Dismiss into a Motion for Summary Judgment. As will be set forth below, Defendant's arguments that the Certificates of Assessment must be rejected are without merit.

7

Case No.: 5:12-CV-02025-LHK
ORDER DENYING PLAINTIFF'S MOTION TO DISMISS AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

from the charged activity.") (citation omitted)). Form 4340, the form for Certificates of Assessments and Payments, "can constitute proof of the fact that . . . assessments were actually made." *Hughes v. United States*, 953 F.2d 531, 535 (9th Cir. 1992). Indeed, "[i]t is settled in this circuit that Certificates of Assessments and Payments are 'probative evidence in and of themselves and, in the absence of contrary evidence, are sufficient to establish that... assessments were properly made.'" *Koff v. United States*, 3 F.3d 1297, 1298 (9th Cir. 1993) (quoting *Hughes,* 953 F.2d at 540).

Here, Plaintiff has produced Certificates of Assessments for the years 1994 through 2004 and 2008. *See* Baldwin Decl., ¶ 3 (attesting that Exhibits 1-12 are "[t]rue and correct copies of the Certificates of Assessments… against Shiro Shiozawa for the tax periods" 1994 through 2004 and 2008); *id.*, Exs. 1-12. Each Certificate of Assessment reflects the accrued taxes in a given year. The Certificates of Assessments are "proof… that... [the] assessments were actually made." *Hughes*, 953 F.2d at 535.[3]

Plaintiff has also laid the "minimal evidentiary foundation" necessary to establish that Plaintiff's assessments are entitled to a "presumption of correctness." *See Stonehill*, 702 F.2d at 1293. Specifically, Plaintiff has produced deposition testimony from Defendant in which Defendant admits that he received insurance payments between 1994 and 2008 and did not file income tax returns for those years. *See* Shiozawa Dep. at 56:21-23, 57:17-22. Plaintiff has additionally produced Form 1099's filed with the I.R.S. by various insurers who made payments to Defendant, as well as substitute returns prepared by the I.R.S. based on those forms. *See* Baldwin Decl., ¶¶ 8-19, Exs. 25-48. Defendant has not argued that the insurance payments were not made or that the 1099 Forms are inaccurate.

Finally, Plaintiff has produced documents reflecting the total balance accrued, including interest and penalties, for each year. *See id.*, ¶ 4 (stating that Exhibits 13-24 are true and correct copies of printouts from the IRS's Integrated Data Retrieval System providing the total amount owed for each year including, interest, penalties, and credits); *id.*, Exs. 13-24. "As reflected in the

---

[3] Defendant challenges the validity of the Certificates of Assessments. Defendant's arguments are without merit. The Court will address these arguments *infra*, Part IV.B.2.a.

8
Case No.: 5:12-CV-02025-LHK
ORDER DENYING PLAINTIFF'S MOTION TO DISMISS AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

INTSTs, the total outstanding balance of the assessments, including interest and credits through April 2, 2012, was $1,735,882.11." *id.*, ¶ 4.

The aforementioned evidence is sufficient to satisfy Plaintiff's burden regarding Defendant's tax liability. *See Koff*, 3 F.3d at 1298. Thus, the burden shifts to Defendant to set forth "specific facts showing that there is a genuine issue" of fact regarding his tax liability. *Liberty Lobby*, 477 U.S. at 250.

### 2. Defendant's Arguments

Defendant has not argued or identified any evidence showing that Defendant did not earn the income reflected in the Certificates of Assessments. Nevertheless, in Defendant's Opposition to the Motion for Summary Judgment, Defendant argues that summary judgment should not be granted in Plaintiff's favor for three reasons, which the Court addresses below. Moreover, as set forth *supra*, in the Motion to Dismiss, Defendant has challenged whether the Certificates of Assessments have been properly certified and whether the summary records of assessment have been signed by an assessment officer. Defendant's arguments fail. The Court begins by addressing Defendant's challenges to the Certificates of Assessments.

#### a. Motion to Dismiss Arguments

As set forth *supra*, in the Motion to Dismiss, Defendant contends that the Certificates of Assessments in this case may not be relied upon because they were not properly certified. *See id.* at 2-3. Defendant also contends that Plaintiff's claims fail because the summary records of assessment were not signed by an assessment officer pursuant to Section 301.6203-1. *See* Mot. to Dismiss at 2-4. The Court addresses each of these arguments in turn.

##### i. Certificates of Assessment are not Properly Certified

Defendant argues that the Certificates of Assessments are not valid because they are not properly certified. *See* Mot. to Dismiss at 2-3.

The Certificates of Assessments appear on Form 4340. *See, e.g.*, ECF No. 26-1 at US00906. Each Certificate of Assessment is accompanied by a form labeled "Certificate of Official Record" which states that the signing party "certif[ies] that the annexed: is a true Form 4340, Certificate of Assessments… for Shiro Shiozawa…." *See, e.g.*, *id.* at US00905. Each

9

Case No.: 5:12-CV-02025-LHK
ORDER DENYING PLAINTIFF'S MOTION TO DISMISS AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

Certificate of Official Record and Certificate of Assessment is signed by "Linda B. Oram[,] Accounting Operations Manager." *See, e.g., id.* at US00905, US00915.  Affixed to each Certificate of Official Record is the seal of the Internal Revenue Service, which Ms. Oram represents that she "caused… to be affixed." *See, e.g., id.* at US00905.

Defendant argues that, although Ms. Oram was permitted to affix the United States' seal to the Certificates of Assessments, she was not "expressly authorize[d] to certify anything involving the certificates of assessment[s]." Mot. Dismiss at 2.  Defendant cites I.R.S. W&I Deleg. Order WI 11-5-1, IRM 1.2.61.2.25 (Nov. 1, 2007) ("Order 11-5-1") [4] in support of this contention.  Defendant's reliance on Order 11-5-1 is misplaced.

Order 11-5-1 delegates to the "Accounting Operations Manager, Submissions Officer" and the "Operations Managers, Field Compliance Services" the following authority:

> [t]o affix the official seal of the Internal Revenue Service to any certificate, or attestation required to be made in authentication of originals and copies of books, records, papers, writings and documents of the Internal Revenue Service in the custody of the Commissioner of Internal Revenue.

*Id.*

Defendant does not contest that Ms. Oram, as the Accounting Operations Manager, had the authority under Order 11-5-1 to affix the seal to the Certificates of Official Record certifying the Certificates of Assessments.  *See* Mot. to Dismiss at 2 ("Ms. Oram may affix a seal to a document").  The affixing of the seal to the Certificate of Official Record submitted in support of a Certificate of Assessment certifies the Certificate of Assessment.  *See Hughes*, 953 F.2d at 540 (holding that certificates of assessment were "admissible as self-authenticating domestic public documents under Fed. R. Evid. 902(1) because they were certified under seal").  Because Ms. Oram had the authority to affix the seal, she was authorized to certify the Certificates of Assessments.  Accordingly, Defendant's argument fails.[5]

---

[4] Available at http://www.irs.gov/irm/part1/irm_01-002-061.html.
[5] Defendant also contends that Ms. Oram was not entitled to certify the Certificates of Assessments because she did not "review the entire case file… [or] discuss the matter with anyone…." Mot. to Dismiss. at 3.  To the extent Defendant is contending that Ms. Oram must have had personal knowledge of the assessments to certify the Certificates of Assessments, this argument fails.  As explained by the court in *United States v. Estabrook*, "[t]he [Certificate of Assessment]… merely authenticates an official transcript of the Internal Revenue Service." *Id.*, 78 F. Supp. 2d 558, 561

10

Case No.: 5:12-CV-02025-LHK
ORDER DENYING PLAINTIFF'S MOTION TO DISMISS AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

### ii. Signature by an Assessment Officer

Next, the Court turns to Defendant's arguments that the summary records of assessment were not signed by an assessment officer as required by 26 C.F.R. § 301.6203–1. *See* Mot. to Dismiss at 3. Defendant appears to contend that the summary records of assessment were signed by Ms. Oram, who is not an assessment officer. *See id.* at 4. Defendant cites *United States v. Living Word Christian Center. See id.* (citing *Living Word*, No. 08-mc-37 ADM/JJK, 2009 WL 250049 (D. Minn. Jan. 30, 2009)). This argument fails to persuade the Court that summary judgment should be denied or that Plaintiff's case should be dismissed.

26 C.F.R. § 301.6203–1 provides that "[t]he district director and the director of the regional service center shall appoint one or more assessment officers…." Section 301.6203–1 further states that "[t]he assessment shall be made by an assessment officer signing the summary record of assessment." The term "summary record of assessment" refers to a Form 23C "Assessment Certificate Summary Record of Assessments." As explained by the district court in *Farr v. United States*, a Form 23C summary record of assessment is different than a certificate of assessment, which is issued on Form 4340. *Id.*, 926 F. Supp. 147, 151 (D. Idaho 1996); *see also Koff*, 3 F.3d at 1298 (distinguishing between certificates of assessments on Form 4340 and summaries of assessment on Form 23C and holding that defendant was not entitled to a copy of the summary of assessment). Section 301.6203–1 "requires that the assessment officer sign the 'summary record,' not [the] Form 4340" certificate of assessments. *Farr*, 926 F. Supp. at 151.

In the instant case, the documents upon which Plaintiff relies, are not summary records of assessment, but rather Certificates of Assessments. These documents were certified by Ms. Oram pursuant to her authority under Order 11-5-1. As set forth *supra*, Certificates of Assessments "are sufficient to establish that ... assessments were properly made." *Koff*, 3 F.3d at 1298; *see also id.* (holding that 26 U.S.C. § 6203 did not require that I.R.S. provide taxpayers with "a copy of the summary record of assessment on Form 23C upon request."); Rev. Rul. 2007-21, 2007-1 C.B. 865 (2007) (I.R.S. ruling affirming that there was no "legal requirement that a" "Form 23C,

---

(N.D. Tex. 1999). "The transcript shows all assessments, penalties, interest, abatements, credits, refunds, and advances" for a defendant for a given year. *Id.* "It is not necessary for a witness who lays the foundation for such records to have personal knowledge of their accuracy." *Id.*

11
Case No.: 5:12-CV-02025-LHK
ORDER DENYING PLAINTIFF'S MOTION TO DISMISS AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

'Assessment Certificate-Summary Record of Assessments,'" "be provided to a taxpayer before the Service may proceed with collection activity") (emphasis omitted).

Moreover, because a Certificate of Assessment is presumptive proof of a valid assessment, absent evidence to the contrary, a Certificate of Assessment is also "sufficient evidence that [a Form] 23 C [summary record of assessment] was duly signed…." *United States v. Chila*, 871 F.2d 1015, 1017 (11th Cir. 1989) (approving the district court's reasoning in *United States v. Dixon*, 672 F. Supp. 503, 505 (M.D. Ala. 1987) *aff'd*, 849 F.2d 1478 (11th Cir. 1988)); *see also Hughes*, 953 F.2d at 535 ("Official certificates, such as Form 4340, can constitute proof of the fact that the assessments actually were made.") (citing *Chila,* 871 F.2d at 1017-18). Defendant has not offered any evidence to rebut the presumption that the summary record of assessment was signed by an assessment officer. Accordingly, the Court rejects Defendant's argument that summary judgment should be denied or that Plaintiff's case should be dismissed because the summary records of assessment were not signed by an assessment officer.

*Living Word* does not compel a different conclusion. As an initial matter, this case is not binding on this Court. *Living Word* is a district court case from a state in another circuit. It is therefore not binding on this Court. Moreover, *Living Word* is inapposite because it addressed a different issue than the one at hand. Specifically, in *Living Word*, the district court held that the "Director of Exempt Organizations, Examinations" did not fall within the definition of "an appropriate high-level Treasury official" as that phrase is used in 26 U.S.C. § 7611(a)(1), and thus the Director was not entitled to commence a church tax inquiry under that section. *Id.*, 2009 WL 250049 at *1-*3; 26 U.S.C.A. § 7611 (a)(1)-(2) ("The Secretary may begin a church tax inquiry only if… an appropriate high-level Treasury official reasonably believes… that the church-- (A) may not be exempt… from tax under section 501(a), or (B) may be carrying on an unrelated trade or business….") (emphasis omitted). The *Living Word* Court did not address the issue here -- whether a Certificate of Assessment must be signed by a duly authorized assessment officer.

In the Motion to Dismiss, Defendant cites a portion of *Living Word* in which the Court observed that "Congress did not amend the definition of 'appropriate high-level Treasury official,'"

12

Case No.: 5:12-CV-02025-LHK
ORDER DENYING PLAINTIFF'S MOTION TO DISMISS AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

Mot. to Dismiss at 4 (quoting *Living Word* 2009 WL 250049 at *3). Defendant appears to be arguing that because Congress has not amended the definition of "assessment officer" as that term is used in 26 C.F.R. § 301.6203–1 to include Accounting Operations Managers, Ms. Oram was not entitled to sign the summary record of assessment. *Id.* As set forth above, Ms. Oram signed Certificates of Assessments and not summary records of assessment governed by Section 301.6203–1. Because Plaintiff is not contending that the summary records of assessment were signed by Ms. Oram, Section 301.6203–1 is not at issue. Accordingly, it is irrelevant whether "Congress [has]… amend[ed] the definition of" assessment officer under this statute to include accounting operations managers like Ms. Oram. Mot. to Dismiss at 4 (quoting *Living Word*, 2009 WL 250049 at *3).

For the reasons set forth above, Defendant's arguments in the Motion to Dismiss fail to provide a basis for dismissing this case or denying summary judgment.[6]

### b. Defendant's Remaining Arguments

In the Motion for Summary Judgment, Defendant raises three additional arguments as to why summary judgment should be denied. The Court addresses each in turn.

First, Defendant argues that the assessments made against him are invalid because Plaintiff relies on the declaration of Howard Baldwin, an IRS revenue officer, *see* Baldwin Decl. ¶ 1, to lay the foundation for Plaintiff's exhibits, and Mr. Baldwin "is not an assessment officer authorized to prepare and execute a summary record of assessment." Opp'n to S.J. at 3 (citing 26 C.F.R. § 301.6203-1). Defendant argues that Mr. Baldwin has no personal knowledge regarding the preparation of the assessments, cannot attest to the fact that Plaintiff "complied with the method for making an assessment" or pertinent regulations. *Id.*

---

[6] In the Motion to Dismiss, Defendant also argues that: (1) Plaintiff has failed to show that an assessment was made and has therefore "failed to state a claim," and (2) the absence of evidence of an assessment is "evidence proving the matter did not occur." Mot. to Dismiss at 5 (citing Fed. R. Evid. 803(7)). These arguments are predicated on Defendant's arguments that the Certificates of Assessments are not valid. Because the Court has concluded that the Certificates of Assessments are valid and because the Certificates of Assessments are evidence that the "assessments were actually made," *Hughes*, 953 F.2d at 535, Defendant's arguments fail.

13
Case No.: 5:12-CV-02025-LHK
ORDER DENYING PLAINTIFF'S MOTION TO DISMISS AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

1          Plaintiff's argument regarding Mr. Baldwin mirrors Plaintiff's argument in the Motion to

2   Dismiss regarding Ms. Oram and fails for similar reasons.  Mr. Baldwin does not purport to have

3   prepared the Certificates of Assessments.  Rather, Mr. Baldwin merely attests that the copies of the

4   Certificates of Assessments submitted to the Court are true and correct copies of those documents.

5   *See* Baldwin Decl. ¶ 3.  These copies are further authenticated by the seal and signature affixed by

6   Ms. Oram.  *See id.*, Exs. 1-12.  To the extent Defendant is contending that a judgment against him

7   cannot be entered without a certified copy of the summary records of assessment, this argument

8   fails.  *See Koff*, 3 F.3d at 1298 (rejecting defendant's argument that he was entitled to a copy of the

9   summary record of assessment holding that "[i]t is settled in this circuit that Certificates of

10  Assessments and Payments are… in and of themselves and, in the absence of contrary evidence…

11  sufficient to establish that ... assessments were properly made").[7]

12         Second, Defendant argues that this action must be dismissed because it has not been

13  authorized by the Secretary of State ("Secretary").  *See* Opp'n at 7.  Section 7401 provides that

14  "[n]o civil action for the collection or recovery of taxes, or of any fine, penalty, or forfeiture, shall

15  be commenced unless the Secretary [or his delegate] authorizes or sanctions the proceedings and

16  the Attorney General or his delegate directs that the action be commenced."  26 U.S.C.A. § 7401;

17  26 U.S.C.A. § 7701(a)(11)(B) ("The term 'Secretary' means the Secretary of the Treasury or his

18  delegate.").[8]  Courts have recognized that this requirement may be satisfied where the IRS Office

19  of Chief Counsel has authorized the action by letter, and a delegate of the Attorney General, such

20  as the United States Attorney, has authorized the action by letter or, alternatively, indicated his

21  support for the action by filing the Complaint.  *See, e.g., United States v. Black*, 482 F. App'x 241,

22  243 (9th Cir. 2012) (Section 7401 satisfied by letter from the IRS Office of Chief Counsel "and the

---

[7] In support of Defendant's argument that Mr. Baldwin's declaration should be rejected because Mr. Baldwin is not a duly-appointed assessment officer, Defendant once again cites *Living Word*. *See* Opp'n to S.J. at 4.  Defendant's reliance on *Living Word* is misplaced for the same reasons as set forth *supra* in connection with Ms. Oram.

[8] "The term 'or his delegate'-- (i) when used with reference to the Secretary of the Treasury, means any officer, employee, or agency of the Treasury Department duly authorized by the Secretary of the Treasury directly, or indirectly by one or more redelegations of authority, to perform the function mentioned or described in the context; and (ii) when used with reference to any other official of the United States, shall be similarly construed." 26 U.S.C.A. § 7701(a)(12)(A).

14
Case No.: 5:12-CV-02025-LHK
ORDER DENYING PLAINTIFF'S MOTION TO DISMISS AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

U.S. Attorney for the Eastern District of Washington, a 'delegate' of the Attorney General, filed the complaint in this case."); *United States v. Lanz*, CIV.04-6203-AA, 2005 WL 300062, at *1-3 (D. Or. Feb. 7, 2005) (Section 7401 satisfied by a "letter from the IRS, Office of Division Counsel, signed by Associate Area Counsel Thomas J. Travers and a letter from the Tax Division, Department of Justice, signed by Chief of Civil Trial Section Robert S. Watkins"). Furthermore, the Ninth Circuit has recognized that, in determining whether an action under Section 7401 is authorized, a "presumption of regularity… attaches to the actions of public officers." *Palmer v. U.S. I.R.S.*, 116 F.3d 1309, 1311 (9th Cir. 1997) (holding that Section 7401 was satisfied where the government "produced redacted copies of two letters, which taken together, show that the government complied with [the] statutory requirements" and defendants "failed to produce any evidence that would counter the normal presumption of regularity that attaches to the actions of public officers") (citing *United States v. Chemical Found.*, 272 U.S. 1, 14-15 (1926)).

In this case, Plaintiff has produced a March 22, 2012 letter from the Department of the Treasury's Office of the Chief Counsel authorizing the action, and a March 28, 2012 letter from Richard R. Ward, Chief of the Civil Trial Section Western Region, on behalf of John A. DiCicco, Principal Deputy Assistant Attorney General of the Tax Division, authorizing the action on behalf of the Attorney General of the United States. *See* Opp'n, Ex. 1 at US01023 ("In accordance with the provisions of I.R.C. §§ 7401 and 7403, you are hereby authorized and requested to file such action against Shiro Shiozawa" for the collection of "outstanding federal tax assessments"); Declaration of Charles Parker in Support of the Reply, ECF No. 46-1, Ex. 1 (authorizing "action against Shiro Shiozawa"). Moreover, the Complaint reflects that this case was filed by Assistant United States Attorney Cynthia Stier on behalf of Melinda Haag, the United States Attorney for the Northern District of California. *See* Compl. at 3. Defendant has not produced any evidence "that would counter the" government's evidence and the "normal presumption of regularity…." *Palmer*, 116 F.3d at 1311. Accordingly, the Court concludes that the action was authorized. *See Black*, 482 F. App'x at 243; *Lanz*, 2005 WL 300062 at *3.

15

Case No.: 5:12-CV-02025-LHK
ORDER DENYING PLAINTIFF'S MOTION TO DISMISS AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

Finally, Defendant argues that the statute of limitations has expired, barring Plaintiff from bringing this action. The statute of limitations requires that "[w]here the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun within ten years after the assessment of the tax." 26 U.S.C. § 6502(a)(1). The earliest assessment against Defendant took place on August 26, 2002. This action was commenced on April 23, 2012, before the ten-year statute of limitations period expired.[9] Consequently, Defendant's argument fails.

### 3. Conclusion Regarding Summary Judgment

In this case, Plaintiff has presented evidence establishing that: (1) in 1994 through 2004 and 2008, Defendant earned income and did not pay taxes; (2) assessments were made against Defendant for these years; and (3) Defendant's current tax liability is $1,735,882.11. Baldwin Decl., Exs. 1-48. Defendant has identified no contrary evidence. Moreover, Defendant's arguments as to why Plaintiff's Certificates of Assessments should be rejected and why summary judgment should be denied are unavailing. Accordingly, the Court concludes that no reasonable trier of fact could find in Defendant's favor and that summary judgment should be GRANTED in Plaintiff's favor.

## V. CONCLUSION

For the reasons detailed above, Defendant's Motion to Dismiss is DENIED. Plaintiff's Motion for Summary Judgment is GRANTED. Judgment shall be entered in favor of Plaintiff United States and against Defendant Shiro Shiozawa in the amount of $1,735,882.11, less any payments made after April 2, 2012, plus interest accruing after April 2, 2012, pursuant to 26 U.S.C.

---

[9] To the extent Defendant is arguing that the assessments should have been completed earlier, this argument similarly fails. Where, as here, the Defendant has not filed a tax return, there is no limitation on the assessment period. 26 U.S.C.A. § 6501(c)(3) ("In the case of failure to file a return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time.").

16
Case No.: 5:12-CV-02025-LHK
ORDER DENYING PLAINTIFF'S MOTION TO DISMISS AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

§§ 6601, 6621, 6622, and 28 U.S.C. § 1961(c) for Defendant's unpaid federal individual income taxes, penalties, and interest for the years 1994-2004 and 2008.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: June 28, 2013

_____
LUCY H. KOH
United States District Judge