UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 5:12-CV-02025-LHK |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION FOR A NEW TRIAL |
| v. | |
| SHIRO SHIOZAWA, | |
| Defendant. | |

Plaintiff United States ("Plaintiff") brought the instant action to reduce to judgment outstanding federal tax assessments against Defendant Shiro Shiozawa ("Defendant"). The Court entered judgment in favor of Plaintiff after granting Plaintiff's Motion for Summary Judgment. *See* ECF Nos. 47-48. On July 22, 2013, Defendant filed the instant Motion for a New Trial pursuant to Rule 59 of the Federal Rules of Civil Procedure. *See* ECF No. 50. Plaintiff filed an opposition, ECF No. 52, and Defendant has filed a reply, ECF No. 54. The Court finds the matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and VACATES the hearing set for January 30, 2014. Having considered the briefing, the record in this case, and the applicable law, the Court DENIES Defendant's motion.

A brief summary of the procedural history follows. On January 2, 2013, Defendant filed a Motion to Dismiss. ECF No. 26. On January 16, 2013, Plaintiff filed an opposition, and on January 23, 2013, Defendant filed a reply, ECF Nos. 33-34. On May 23, 2013, Plaintiff filed a Motion for

1

1   Summary Judgment. ECF No. 44. Defendant filed an opposition, and Plaintiff filed a reply. ECF
2   Nos. 45-46. This Court held a hearing on the Motion to Dismiss and the Motion for Summary
3   Judgment on June 27, 2013. ECF No. 49. On June 28, 2013, this Court denied Defendant's Motion
4   to Dismiss and granted Plaintiff's Motion for Summary Judgment. *See* ECF No. 47. It is this grant
5   of summary judgment in Plaintiff's favor that Defendant now seeks to challenge.

6   As a threshold matter, the Court notes that a Motion for a New Trial under Rule 59 is not a
7   proper method for challenging a grant of summary judgment. Rather, a Motion for New Trial is
8   only proper where the claims subject to the motion were adjudicated *in a trial* in the first instance.
9   *See Jones v. Nelson*, 484 F.2d 1165, 1167 (10th Cir. 1973) ("We first note that appellants filed a
10  motion for new trial with the district court after summary judgment was granted. Technically this
11  motion was improper as no trial was conducted from which a new trial motion could be filed.
12  Summary judgment is not a substitute for trial."); *Merrill v. Cnty. Of Madera*, 389 F. App'x 613,
13  615 (9th Cir. 2010) ("As the district court correctly noted, a Rule 59(a) motion for new trial is not
14  available on claims or causes of actions for which Plaintiffs never received a trial.").

15  Therefore, the Court construes Plaintiff's motion as a Motion to Alter or Amend a
16  Judgment under Rule 59(e) or a Motion for Relief from a Final Judgment or Order under Rule
17  60(b). Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with
18  newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust,
19  or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or.
20  v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "Rule 60(b) provides for reconsideration only
21  upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3)
22  fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary
23  circumstances which would justify relief." *Id.* (internal quotation marks omitted).

24  Under either standard, Defendant is not entitled to relief. Defendant has not established any
25  basis for reconsideration under either rule. Rather, Defendant's theory in the instant motion appears
26  to be that Plaintiff did not comply with "applicable authorities, rules and authorization" in creating
27  the records Plaintiff relies upon to establish Defendant's tax liability. ECF No. 50 at 2. The Court
28  considered, and rejected, this precise contention in the Order Denying Defendant's Motion to

Dismiss and Granting Plaintiff's Motion for Summary Judgment. ECF No. 47 at 9-13. Defendant does not provide any argument for why the Court's analysis in its order was incorrect, let alone plagued by clear error. In sum, Defendant's contention that this Court "ignored" Defendant's arguments, *see* ECF No. 54, is both vague and at odds with this Court's summary judgment order, which discusses each of Defendant's contentions (raised in both Defendant's Motion to Dismiss and Defendant's Opposition to Plaintiff's Motion for Summary Judgment) at length, *see* ECF No. 47 at 9-16. Accordingly, Defendant's contentions in the instant motion are insufficient to meet the standards of Rule 59(e) or Rule 60(b).

For these reasons, the Court DENIES Defendant's Motion for a New Trial.

**IT IS SO ORDERED.**

Dated: January 2, 2014

*Lucy H. Koh*
LUCY H. KOH
United States District Judge